**SO ORDERED.**

**SIGNED this 06 day of March, 2007.**



_____
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **MICHAEL P. SEAL** and **VIRGINIA S. SEAL,** | **CASE NO. 05-17262** **CHAPTER 13** |
| **DEBTORS.** | |

**MEMORANDUM AND ORDER PARTLY SUSTAINING AND PARTLY OVERRULING OBJECTION TO WICHITA MODEL PLAN LANGUAGE**

In this Chapter 13 case, Wells Fargo Bank, NA, a creditor holding a claim secured by a mortgage on the Debtors' principal residence, on which the last payment is due after the date on which the final plan payment is due, objects to confirmation because of inclusion in the Debtors' proposed plan of the following language from the Wichita Chapter 13 Trustee's Model Plan:

> Debtor will pay all post-petition mortgage payments directly to mortgage creditors. Arrearages will be paid pro rata with other creditors over the life of the plan.

1

| REAL ESTATE CREDITOR | AMOUNT DUE | ESTIMATED ARREARAGE AMOUNT |
|---|---|---|
| *** | *** | *** |
| *** | *** | *** |
| Wells Fargo Bank NA | $54,085.73 | $8,499.24 |

> The amount of the arrearage as specified in the creditor's proof of claim shall govern unless an objection to the claim is filed. Interest will be paid on the arrearage, unless otherwise ordered by the Court.
>
> If the Debtor pays the arrearage amount specified in this section, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

Wells Fargo contends that the second and third paragraphs are mutually exclusive and contradictory, that the third paragraph seeks an advisory opinion as to the status of the debtors' account upon discharge of their cases, that the mortgages are long-term debts under 11 U.S.C. § 1325(b)(5) that are excepted from discharge pursuant to § 1328(a)(1), and the Debtors and the Trustee are confusing "claim" versus "debt." The Chapter 13 Trustee, Laurie B. Williams, argues that the model plan should be approved.

This Court does not write on a clean slate. Judge Karlin recently addressed substantially the same issues with respect to the Topeka Model Chapter 13 plan in *In re Coover*.[1] She sustained creditors' objections in part and held that plans containing the following language, or a plan with a substantially similar meaning, would be confirmed:

> The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required

---

[1] *In re Coover*, Case no. 06-40176 (Bankr. D. Kan. Sept. 28, 2006).

> by D. Kan. LBR 3015(b).1. Interest will not be paid on the arrearage unless ordered by the Court.
>
> If the Debtor pays the arrearage amount specified in the mortgage company's timely filed Proof of Claim, while timely making all required post petition payments (including any other reasonable amounts that properly come due pursuant to the pre-petition contractual agreement of the parties and of which the creditor gives such timely and appropriate notice as the parties' pre-petition agreement requires), the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition, unless such amounts were included in the allowed proof of claim filed in this case.

A few months after Judge Karlin's decision, Chief Judge Nugent, in *In re Coffman*,[2] addressed creditors' objections identical to the objections of Wells Fargo to the same Wichita Model Chapter 13 Plan as is before this Court.[3] He agreed with Judge Karlin that the model plan language has salutary goals and approved the Wichita model plan language, as modified, as follows:

> The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required by D. Kan. LBR 3015(b).1. Interest ___ will ____ will not be paid on the arrearage, unless ordered otherwise by the Court.
>
> If the debtor pays the arrearage amount specified in the mortgage creditor's timely filed proof of claim, while timely making all required post-petition payments (including any other reasonable amounts that properly become due pursuant to the pre-petition

---

[2] *In re Coffman*, Case no. 06-10819 (Bankr. D. Kan. Dec. 8, 2006).

[3] The brief in support of objections filed by Wells Fargo in this case bears the caption of six cases, *In re Seal*, the case currently before this Court, and the five cases addressed by Chief Judge Nugent in *In re Coffman*. Likewise, the Trustee's brief filed in this case, although bearing only one caption, presents the same arguments and authorities as submitted in support of the objection addressed in *In re Coffman*.

3

>contractual agreement of the parties and of which the creditor gives such timely and appropriate notice as the parties' pre-petition agreement requires), the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition, unless such amounts were included in the allowed proof of claim filed in this case.

This Court also finds that the model plans serve a beneficial purpose and that the objections of Wells Fargo can be overcome by minor amendments. The Court concurs with the analysis of Judge Karlin as to the Topeka model plan. This Court adopts the analysis of Chief Judge Nugent as to objections raised by Wells Fargo to the Wichita model plan in this case.

For the reasons stated in *Coffman*, Debtors' Chapter 13 plan is approved provided the language is modified as stated in *In re Coffman,* and the objections of Wells Fargo are overruled, except to the extent the language of the plan is modified in accord with *In re Coffman.*

However, this Court will use this opinion to discuss three concerns about the model plans, as amended and approved.[4] The first is the interest rate to be paid on the arrearage, if interest is to be paid. For example, in this case, the plan provides that interest will be paid, but the rate is not specified.[5] In my view, the goal of certainty of what is required to achieve cure of pre-petition arrearages would be better served if the rate were specified in the plan and the

---

[4] Chief Judge Nugent and Judge Karlin, having considered objections to the model plan adopted by the Chapter 13 Trustee in their respective courts, were consulted about this opinion before it was filed. They both concur in the suggestions contained in this opinion and would urge the Topeka and Wichita trustees to adopt the same or similar language.

[5] There has been no objection to this plan provision. Wells Fargo's proof of claim, Exhibit A, "itemization of claim," itemizes the total arrearage and states that the interest rate is 5.5%, without specifically stating whether this interest rate is claimed on the arrearage amount. The terms of the plan regarding payments to "secured payments to creditors other than debts secured by real estate" provides for payment of interest at the "current discount rate," without specifying that rate.

4

creditor bound by such rate, if no timely objection to the plan is filed. I recommend that paragraph one of the model plan be amended to read as follows:

> The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required by D. Kan. LBR 3015(b).1. Unless otherwise ordered by the Court, interest ❏ at the rate of _____% will be paid on the arrearage ❏ will not be paid on the arrearage. Absent timely objection, creditor shall be bound by the foregoing interest rate.

Second, the model language confuses the creditor's mortgage with the note it secures. The model plan addresses the cure of pre-petition monetary defaults on the secured note. The plan language provides a procedure for finally determining the precise amount of the arrearage and for the payment of the arrearage amount over time and in accord with the plan. The result of payment in accord with the plan is satisfaction of the pre-petition claim, so the note will be deemed current as of the date of filing. Payment of amounts that become due post-petition is not relevant to the curing of the pre-petition payment default.

Third, the model plan addresses "reinstatement" of the mortgage upon the completion of the plan payments and making timely post-petition payments. The Court, although recognizing that the phrase is commonly used, finds the concept of reinstatement of a mortgage erroneous and misleading. The goal of the Debtor is absence of default upon plan completion. Stated differently, the goal is assurance that, when the Chapter 13 plan is completed, the payment obligation to the creditor on the secured obligation will be current, so there is no default that could serve as a basis for an immediate post-petition foreclosure action, and the future rights and obligations of the parties are those as stated in the loan documents. This is accomplished by curing any pre-petition arrearages, as previously addressed, and compliance with the payment

5

and other obligations of the note, the mortgage, and any other loan documents during the term of the Chapter 13 plan. As recognized in the opinions of Chief Judge Nugent and Judge Karlin, one of the problems faced by Chapter 13 debtors is their making what they believe to be all required post-petition payments in accord with the loan documents only to find after the bankruptcy is closed that the creditor threatens or initiates foreclosure based upon alleged post-petition noncompliance with the loan terms. This Court would characterize this goal as certainty of what is required, if anything, for the obligation to be current after all of the plan payments have been made, not "reinstatement" of the mortgage.

Although the model plans, as amended, are designed to and do accomplish the purpose of certainty as to the cure of pre-petition arrearages, the model plans as drafted and as amended were not designed to and do not accomplish the additional goal of a debtor having certainty of the absence of a post-petition arrearage or other default when the plan is completed. The inclusion of the plan language relating to "reinstatement" of the mortgage could be incorrectly read to address the absence of post-petition defaults.

Judge Karlin noted that some attorneys have adopted a procedure whereby they file a motion at the end of the plan to determine if the mortgage is current, so the amount of post-petition arrearage can be determined.[6] This Court, like Judge Karlin, will entertain such motions and address issues raised in response. However, in my opinion, case trustees, debtors, and creditors would be well served if there were a required procedure to accomplish the goal of certainty of the absence of a post-petition default. I would fully support the adoption of a local rule or additional model plan language addressing post-petition defaults and establishing

---

[6] *In re Coover*, at n. 9.

procedures to assure that debtors are advised of any claimed post-petition payment arrearages and other defaults before the plan is completed.[7]

Accordingly, to address my second and third concerns, I suggest the following or similar amendments to the last paragraph of the Wichita plan, as amended by Chief Judge Nugent, and to the Topeka plan, as amended by Judge Karlin:

> If the debtor pays the pre-petition arrearage amount as determined in the foregoing paragraph, together with interest, if any, as specified in the plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

In conclusion, Wells Fargo's objections to the Debtors' Chapter 13 plan are overruled, except to the extent of the modifications of the Wichita model plan language ordered by Chief Judge Nugent in *In re Coffman*, which amendments are approved and adopted by this Court.

**IT IS SO ORDERED.**

### 

---

[7] *See* Ryan W. Johnson, *Post-Closing Demands for Mortgage-Related Fees Assessed During a Chapter 13 Plan*, 25 Am. Bankr. Inst. J. 18 (Aug. 2006) (addressing what a debtor can do to prevent unmanageable demand for payment after the chapter 13 case is closed); *In re Wilson*, 321 B.R. 222 (Bankr. N.D. Ill. 2005) (approving model plan establishing procedure for addressing post-petition payments).